## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE
### CIVIL ACTION NO. 3:07CV-P559-R

**DOCK BERNARD HILLMAN**                                                                    **PLAINTIFF**

**v.**

**ANN L. RAMSER** *et al.*                                                                    **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Dock Bernard Hillman filed a *pro se* complaint under 42 U.S.C. § 1983.  This

matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C.

§ 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that

follow, the action will be dismissed.

## I.  SUMMARY OF CLAIMS

Plaintiff alleges violations of the Fourteenth Amendment to the United States

Constitution by Defendants Ann Ramser, Trial Commissioner; Susan Ely, Director, Domestic

Violence Unit; Michael Losavio, Jefferson Family Court Clerk; John Doe #1, Deputy Clerk;

Donald L. Nicholson, Jefferson County Circuit Clerk; and Jason Winstead and K. Wilkens,

Louisville Metro Police Officers.  He sues Defendants Ramser, Winstead, and Wilkens in both

their individual and official capacities and sues Defendants Ely, Losavio, Doe, and Nicholson in

their official capacities only.

Plaintiff alleges that, on September 26, 2006, he and Stephanie Green, an "intimate

female companion," got into a verbal disagreement which escalated into a physical altercation in

his apartment.  Green called 911, and Defendants Louisville Metro Police Officers Winstead and

Wilkens arrived on the scene.  Plaintiff alleges that Green informed the officers that she and

Plaintiff "got in a fight" and that he had a "minor injury" to his lip.  However, Defendants

Winstead and Wilkens arrested only Plaintiff and did not arrest Green in connection with the

altercation.

Upon his release from custody on October 11, 2006, Plaintiff learned that Green had been

residing in the apartment leased by Plaintiff without his permission.  Plaintiff had been ordered

by the Jefferson District Court to have no contact with Green until the criminal case was

resolved.  In order to prevent Green from having any contact with him, on October 11, 2006,

Plaintiff filed a petition for an emergency protective order with the Domestic Violence Central

Intake Office based on Green's having slapped him and having threatened to stab him.

However, the petition was denied by Defendant Trial Commissioner Ramser.  The stated reason

for the denial of the petition was "no jurisdiction."

On October 15, 2006, Plaintiff alleges that Green borrowed a knife from a friend and

attempted to stab Plaintiff.  However, Plaintiff alleges that, "during the course of Ms. Green's

attempt, she was stabbed several times with the weapon she had borrowed."  On October 25,

2006, Plaintiff was charged with criminal attempted murder, assault in the first degree, assault in

the fourth degree, and with being a persistent felony offender.  Plaintiff also had his parole based

on a prior offense revoked.  From March 19, 2007, to May 11, 2007, Plaintiff submitted requests

for a copy of the petition for an emergency protective order he sought against Green to use as

evidence at his parole revocation hearing, but Plaintiff claims that Defendants Ely, Nicholson,

and Losavio sought to conceal the petition and that he did not receive a copy until June 1, 2007.

In his complaint, Plaintiff seeks $2.2 million in compensatory damages and $2.8 million

in punitive damages as relief.

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915A; *McGore*, 114 F.3d at 604.  Upon review, this Court must dismiss a case at any time if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (citations omitted; alteration in *Twombly*).  By the same token, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

3

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "'does not require a court to conjure allegations on a litigant's behalf,'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)), and the Court is not required to create a claim for the *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

#### A.  42 U.S.C. § 1983

##### 1.  Official-capacity claims against Ramser, Ely, Losavio, Doe, and Nicholson

Plaintiff sues each Defendant in his or her official capacity. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is

4

an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Plaintiff's official-capacity claims against Defendants Ramser, Ely, Losavio, Doe, and Nicholson, each employees or officials of the Commonwealth of Kentucky, are therefore actually claims against the Commonwealth.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

Upon review, the Court concludes that the official-capacity claims against these state Defendants must be dismissed on two bases.  First, a state, its agencies, and its officials are not "persons" subject to suit under 42 U.S.C. § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Additionally, the Eleventh Amendment[1] acts as a bar to all claims for relief against these Defendants.  A state, its agencies, and its officials sued in their official capacities for damages may not be sued in federal court unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Kentucky v. Graham*, 473 U.S. at 169 ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978).  In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)).  Accordingly, Plaintiff's official-capacity claims against Defendants Ramser, Ely, Losavio, Doe, and Nicholson will be dismissed for failure to state a

---

[1]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

### 2.    Individual-capacity claim against Ramser

Plaintiff also sues Defendant Ramser in her individual capacity.  A plaintiff may recover damages against a judge only when he or she has acted in "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1871)). Immunity extends to complaints arising out of judicial conduct in criminal as well as civil suits. *Pierson v. Ray*, 386 U.S. 547. 5353-54 (1967).  Furthermore, the common law immunity of judges applies to suits under 42 U.S.C. § 1983, alleging deprivations of constitutional rights.  *Id.*

"Absolute immunity is not available if the alleged wrongful conduct was committed pursuant to a non-judicial act, i.e., one not taken in the judge's judicial capacity, such as terminating an employee." *Cameron v. Seitz*, 38 F.3d 264, 272 (6th Cir. 1994) (citing *Forrester v. White*, 484 U.S. 219, 229-30 (1988)).  In *Stump*, the Supreme Court established a two-prong test to determine whether an act is "judicial."  *Id.* at 362.  First, the court must consider whether the act in question is a function that is "normally performed by a judge."  *Id.*  Under this inquiry (the functional approach), a court is required to examine the nature and function of the act, not the act itself.  The Supreme Court reformulated this inquiry in *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam), holding that even if a particular act is not a function normally performed by a judge, the court must look to the particular act's relation to a general function normally performed by a judge.  *Id.* at 13.

Second, in determining whether an act is "judicial," the court must assess whether the parties dealt with the judge in his or her judicial capacity.  *Id.* at 12.  In examining the functions

6

normally performed by a judge, "paradigmatic judicial acts," or acts that involve resolving disputes between parties who have invoked the jurisdiction of a court, are the touchstone for application of judicial immunity. *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997) (citing *Antoine v. Byers & Anderson*, 508 U.S. 429, 435-36 (1993)).

Here, Defendant Trial Commissioner Ramser was clearly vested by statute with the power to rule upon domestic violence petitions. Therefore, the Court concludes that Defendant Ramser clearly acted within her jurisdiction by ruling on the petition. Ramser also acted within her judicial capacity and performed "truly judicial acts" in ruling upon Plaintiff's domestic violence petition.[2] Defendant Ramser's conduct is, therefore, protected by judicial immunity, and Plaintiff's individual-capacity claim against her will be dismissed for failure to state a claim upon which relief may be granted.

### 3.    Official and individual-capacity claims against Winstead and Wilkens

Plaintiff claims that Defendant Officers Winstead and Wilkens violated the Fourteenth Amendment's Due Process and Equal Protection Clauses by arresting him and not arresting Green because of his race and gender; by failing to ensure that Green had vacated the apartment he leased; and by failing to ensure the apartment was locked so that Green could not enter his

---

[2] The Supreme Court has specifically held that even the commission of grave procedural errors, including those involving due process, do not constitute judicial action taken in the clear absence of all jurisdiction. *Stump*, 435 U.S. at 359; *see also Sevier v. Turner*, 742 F.2d 262 (6th Cir. 1984) (holding that a judge's failure to inform the plaintiff of his constitutional rights, though a grave procedural error, did not subject him to damages).

apartment.  The arrest occurred on September 26, 2006.  Plaintiff filed the original complaint on October 15, 2007.[3]

In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. §  413.140(1).  *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  In *Wallace*, the Supreme Court held that "a claim for wrongful arrest under §  1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends."  *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wallace*, 549 U.S. at 397).  Plaintiff states in the complaint that he was released from custody on October 11, 2006.  Even if the statute of limitations accrued on that date, Plaintiff's claims against Defendant Winstead and Wilkens concerning his arrest are barred by the one-year statute of limitations.  Therefore, Plaintiff's official and individual-capacity claims against Defendants Winstead and Wilkens will be dismissed for failure to state a claim upon which relief may be granted.

## B.    <u>State-law claims</u>

Finally, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Thus, to the extent that Plaintiff raises state-law claims of negligence and negligent supervision against some Defendants, the Court, having dismissed all federal claims over which it has

---

[3]Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court."  *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).  Plaintiff certifies that the original complaint was delivered to the prisoner mail system for mailing on October 15, 2007.

original jurisdiction, declines to exercise supplemental jurisdiction over them and will dismiss those claims without prejudice.

       The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
         Defendants
4413.010